JOE ABRAMS v. UNDERWRITERS AT LLOYD'S, LONDON.[1]

February 11, 1927.

No. 25,463.

**Burglary policy was settled in full by acceptance of and receipt for money paid.**

The evidence was not sufficient to sustain a finding that the plaintiff and the defendant settled for $7,500 a claim for an insurance loss. A later acceptance of a smaller sum was in full settlement of all claims under the policy.

Burglary and Theft Insurance, 9 C. J. p. 1099 n. 71.

Plaintiff appealed from an order of the district court for Hennepin county, Baldwin, J., denying his motion for a new trial. Affirmed.

*J. E. Brill, Schwartz & Halpern* and *Robert S. Kolliner*, for appellant.

*Snyder, Gale & Richards*, for respondent.

DIBELL, J.

Action to recover upon an agreement for settlement of a loss upon an insurance policy. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The plaintiff obtained a policy of insurance for $10,000 on April 8, 1921, covering among other risks loss through burglary. On May 24 he lost property by burglary and there was liability upon the policy.

The plaintiff alleges that on November 5, 1921, he settled the loss for $7,500. He sues for that amount, admits a payment of $4,000, and asks judgment for $3,500.

[1]Reported in 212 N. W. 189.

That the plaintiff sustained a loss is not questioned. On and prior to November 5, 1921, there were negotiations looking to an adjustment or settlement in which Toplis & Harding of Chicago, designated adjusters, were concerned in behalf of the underwriters. On that day their representative, who was in Minneapolis negotiating with the plaintiff, proposed $7,500 in settlement, which the plaintiff accepted. This representative then returned to Chicago, prepared a proof of loss, sent it to the plaintiff for execution, it was returned to Chicago, and was then forwarded to London, all as the parties contemplated. Whether Toplis & Harding had authority to make a settlement is at least doubtful. We do not decide the question. They made no settlement. The proof of loss contained the following typewritten provision:

"Special conditions. It is distinctly understood and agreed that the furnishing of this proof of loss is not to be construed as an admission of liability; it is furnished absolutely without prejudice and solely for the purpose of submitting the facts as they exist for the decision of the underwriters."

And the following provision:

"It is expressly understood and agreed that the furnishing of this blank to the assured or the preparing of proofs by an adjuster, or any agent of the insurers named in the policy, is not a waiver of any rights of said insurers."

The letter transmitting the proof of loss from Chicago to Minneapolis referred to a "proof of loss in connection with the above mentioned claim," and gave directions as to its execution. The plaintiff's counsel in returning the proof of loss said: "I am mailing the proof of loss, together with the cover note to you with the understanding that you will use your best efforts to have Lloyd's of London pay the claim at the very earliest possible date. Your promptness in handling this matter will be greatly appreciated by me."

The plaintiff was an experienced business man. He was represented by counsel, not the counsel representing him in this action. No construction can be given the evidence which will permit a

finding that he did not understand that the proof of loss was going to London for action there, or that it was understood that there was a final settlement with the defendant for $7,500. It is true that the representative of the Chicago agency gave assurances that everything would be well and that the money would soon be paid, but the testimony of the plaintiff and those participating in the negotiations in connection with the correspondence permits no conclusion other than that we have stated.

The underwriters at London objected that the plaintiff's proposal for insurance warranted that the stock left outside of the safes at night amounted to no more than $4,000 while $10,000 was outside at the time of the burglary, and claimed that the warranty was not complied with and therefore the policy was void. They denied liability but offered $4,000 which they claimed was the amount within the warranty of the plaintiff. On March 23, 1922, the plaintiff accepted $4,000, which in his complaint he credits on the $7,500, and gave a receipt " in full and complete settlement of any and all claims under Lloyd's policy No. 122787 for loss sustained under the date of May 24, 1921."

We do not have a case of one attempting to pay a $7,500 obligation with $4,000. There was no $7,500 obligation and the plaintiff chose to take $4,000. Our view of the necessary effect of the evidence makes an end of the case without the necessity of a discussion of the many questions of law presented in the briefs.

Order affirmed.